UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| KENNETH DENNY, | **DECISION AND ORDER** |
|---|---|
| Movant, | **Civil Case<br>No. 6:18-cv-00592-MAT** |
| -vs- | **Criminal Case<br>No. 6:16-cr-00167-FPG** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

## I. Introduction

Proceeding *pro se*, Kenneth Denny ("Denny" or "Movant") has filed a Motion to Vacate the Sentence (Docket No. 22) pursuant to 28 U.S.C. § 2255 ("§ 2255"), alleging that he is being detained in the custody of respondent, the United States of America ("the Government"), pursuant to an unconstitutionally imposed sentence. For the reasons discussed below, Denny's motion is denied.

## II. Factual Background and Procedural History

On June 1, 2017, Denny appeared before Hon. Frank P. Geraci, Jr., United States District Judge, and pleaded guilty to Count 1 of the Indictment charging him with a violation of 18 U.S.C. §§ 2113(a) and 2113(d) (bank robbery by use of a dangerous weapon). The maximum possible sentence for this offense is a term of imprisonment of 25 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 5 years.

In the Plea Agreement (Docket No. 18), the parties agreed that pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Court would impose a 51-month term of imprisonment as part of the appropriate sentence in this case. Plea Agreement, ¶ 12. The parties further agreed that

if the Court rejected that agreement, after review the presentence investigation report, they would be relieved of their other obligations under this agreement and Denny would be afforded the opportunity to withdraw his guilty plea. *Id.*

Additionally, Denny waived his right to appeal or collaterally attack or challenge his sentence. *See id.*, ¶¶ 22-25. Denny moreover agreed not to collaterally attack or challenge his sentence "in the event that in the future [he] becomes aware of previously unknown facts or a change in the law which [he] believes would justify a decrease in the defendant's sentence." *Id.*, ¶ 23. On June 1, 2018, Denny was sentenced, in accordance with the agreed-upon sentencing range in the plea agreement to 51 months in prison. *See* Minute Entry (Docket No. 19); Plea Agreement (Docket No. 18), ¶ 12.

On May 18, 2018, Denny filed the instant *pro se* § 2255 motion, which was transferred to the undersigned on December 6, 2018. Denny requests that this Court modify the originally imposed sentence by reducing it to 46 months' imprisonment, in light of the fact that a prior conviction was expunged from his record on April 5, 2018. Denny claims that as a result of the expungement, his criminal history category should be lower, and thereby his resulting range under the United States Sentencing Guidelines should be lower.

The Government opposes the § 2255 motion, arguing that it is barred due to Denny's knowing, intelligent, and voluntary waiver of his collateral attack rights. The Government also challenges Denny's proof that the expungement occurred, noting that he only

submitted a handwritten document stating that the conviction was expunged.

The Court found that the transcript of the plea proceeding was necessary to resolve the § 2255 motion and requested that the Government produce it. The Government timely filed a copy of the transcript on April 17, 2019.

For the reasons discussed below, the § 2255 motion is denied.

**III. Standard Under § 2255**

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court may dismiss a § 2255 motion without a hearing if the motion and the record "conclusively show[,]" *id.*, that the movant is not entitled to relief. *E.g.*, *Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001).

**IV. Discussion**

It is "now well established that a knowing and voluntary waiver of the right to appeal is generally enforceable." *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (*per curiam*) (citing *United States v. Garcia*, 166 F.3d 519, 521 (2d Cir. 1999)

(*per curiam*); *United States v. Yemitan*, 70 F.3d 746, 747 (2d Cir. 1995)). However, the Second Circuit has recognized that "specifically in the context of claimed waivers of appellate rights . . . plea agreements are to be applied 'narrowly' and construed 'strictly against the Government.'" *United States v. Tang*, 214 F.3d 365, 368 (2d Cir. 2000) (quoting *United States v. Ready*, 82 F.3d 551, 556, 559 (2d Cir. 1996)); *accord Hernandez*, 242 F.3d at 113.

Section VII ("APPEAL RIGHTS") of the Plea Agreement between Denny and the Government provides in relevant part as follows:

> 22. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. . . .
>
> 23. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

Plea Agreement (Docket No. 18), ¶¶ 22-23. Here, the sentence actually imposed by Judge Geraci was 51 months' imprisonment, which was the exact length of sentence to which Denny and the Government agreed in the Plea Agreement. *Id.*, ¶¶ 11-12.

Where a defendant knowingly and voluntarily waives his appeal and § 2255 rights in a plea agreement and obtains the benefits of the plea agreement, the district court should enforce the § 2255

-4-

waiver provision and dismiss the petition. *Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) (*per curiam*). The Second Circuit has "suggested [that a claim of ineffective assistance of counsel in entering the plea agreement] . . . might cast doubt on the validity of [a defendant's] waiver." *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (*per curiam*) (citing *United States v. Ready*, 82 F.3d 551, 555 (2d Cir. 1996) (in turn citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), for proposition that a defendant cannot validly waive right to appeal where defendant claims that plea agreement was entered into with ineffective assistance of counsel)).

Denny does not argue that his appellate and collateral rights waiver was involuntary; nor does he assert that he received ineffective assistance of counsel in entering into the Plea Agreement. To the contrary, the transcript of the plea proceeding demonstrates that Denny knowingly and voluntarily waived his right to appeal and collaterally attack his sentence. Denny confirmed that he understood he was "waiving or giving up [his] right to appeal the sentence imposed in this case if, in fact, the Court does impose a sentence in accordance with this agreement, that [he's] giving up [his] right to appeal that sentence." Transcript of Plea Agreement ("Tr.") (Docket No. 28) at 12:22 - 13:1. Denny affirmatively stated that he understood that, and when asked if there was "anything about this agreement that [he] [did] not understand," he replied, "No, there's not. . . ." *Id.* at 13:4-6. Denny also stated that there was nothing that he wanted to ask his

attorney at that time. *Id.* at 13:7-9. Earlier in the colloquy, Judge Geraci questioned Denny as to whether he had a chance to review the Plea Agreement with his attorney and whether he was satisfied with her representation. Denny replied affirmatively to both questions. *Id.* at 4:6-11. As the Government points out, Denny would be hard-pressed to find fault with defense counsel's advice, given the substantial benefit he received as a result of accepting the Plea Agreement, which was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and represented an agreement among the parties and the Court as to the length of Denny's sentence. Thus, Denny was afforded the virtually certainty of receiving the agreed-upon sentence of 51 months, which was at the lowest end of the recommended Guidelines range. *See* Tr. at 11:2-12.

The Second Circuit has made clear that "[i]n no circumstance, . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). Here, Denny has not established that his appellate and collateral rights waiver was anything but knowing and voluntary. There is no suggestion on the record that defense counsel was ineffective or that Denny was unsatisfied with her representation. And, Denny's sentence clearly conforms to the Plea Agreement's terms. Therefore, the collateral attack waiver will be enforced. Denny's § 2255 Motion accordingly is dismissed as procedurally barred. The Court finds that no evidentiary hearing is

required because "the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255.

**V. Conclusion**

For the reasons discussed above, the § 2255 Motion is denied. Because Denny has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to close civil case No. 1:18-cv-00592-MAT.

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   May 6, 2019
         Rochester, New York.